UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

ANNA E. MOLOSKY,

                Plaintiff,

      - against -

AMAZON WEB SERVICES, INC.,
AMAZON.COM, INC., AND AMAZON
DEVELOPMENT CENTER U.S., INC.,

                Defendants.

———————————————————————

25-cv-0952 (JGK)

<u>MEMORANDUM
OPINION AND
ORDER</u>

**John G. Koeltl, District Judge:**

Plaintiff Anna E. Molosky ("Molosky") brought this suit alleging six claims against her former employer, Amazon Web Services, Inc., Amazon.com, Inc., and Amazon Development Center U.S., Inc. (collectively, "Amazon"). <u>See</u> ECF No. 30 ("FAC"). The plaintiff alleges claims for gender-based discrimination, retaliation, hostile work environment, and unequal pay under federal, state, and city laws. <u>Id.</u> ¶¶ 6-10. The defendants moved to dismiss Molosky's claims under the Federal Rule of Civil Procedure 12(b)(6). <u>See</u> ECF No. 31.

Magistrate Judge Netburn issued a Report and Recommendation dated April 23, 2026. ECF No. 65 ("R&R"). Judge Netburn recommended granting the defendants' motion as to all of Molosky's Title VII claims, Molosky's state- and city-law claims for hostile work environment, retaliation, and Molosky's claims under New York Equal Pay Laws, N.Y. Lab. Law § 194. <u>See</u> R&R 33. The R&R recommended denying the defendants' motion as to Molosky's claims

of gender-based discrimination under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). See id.

The defendants have filed a partial objection to the Report and Recommendation. See ECF No. 66. In particular, the defendants object to Magistrate Judge Netburn's recommendation that Molosky may proceed on her NYCHRL and NYSHRL gender-based discrimination claims. See ECF No. 66 at 9. Molosky's remaining gender-based discrimination claims rest on two allegations: (1) Molosky's supervisors allegedly told her to "lean back" from seeking promotions and (2) Molosky's supervisors allegedly encouraged her to work on design-focused rather than in leadership or technical roles. See FAC ¶¶ 64, 66, 76, 83, 90. Judge Netburn reasoned that these allegations may reflect gender animus and may be actionable under NYSHRL and NYCHRL. See R&R 24.

## I.

To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and draw "all reasonable inferences in favor of the plaintiff." McHenry v. Fox News Network, LLC, 510 F. Supp. 3d 51, 65 (S.D.N.Y. 2020) (quoting Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012).

Where a party submits a timely objection within fourteen days of being served with a copy of the report and recommendation, as the defendants have

2

here, the District Court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)–(3). De novo review requires that the Court "give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 406 (S.D.N.Y. 2002).

## II.

Molosky has not filed any objections to the Report and Recommendation, and the time to do so has now passed. See Fed. R. Civ. P. 72(b)(2). Moreover, in Molosky's response to the defendants' objection, Molosky does not object to the Magistrate Judge's recommendation, nor does she suggest how the claims that Magistrate Judge Netburn recommended dismissing could be pleaded with greater specificity. See ECF No. 67 ("Molosky Resp."). Therefore, Molosky's Title VII claims, her state- and city-law claims for hostile work environment and retaliation, and her claims under the New York Equal Pay Law are **dismissed with prejudice**.

## III.

As to the defendants' objection to Magistrate Judge Netburn's conclusion that Molosky's gender-discrimination claims under the NYSHRL and NYCHRL should survive the motion to dismiss, see ECF No. 66 at 9, Magistrate Judge Netburn correctly concluded that Molosky may proceed on these claims.

**A.**

Under the NYCHRL, it is unlawful for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment because of their gender. See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109-10 (2d Cir. 2013) (citing N.Y.C. Admin. Code § 8-107(1)(a)). To allege a gender-discrimination claim under NYCHRL, the plaintiff needs to show that the plaintiff's employer treated the plaintiff "less well than other employees" partly because of the employee's gender. Id. at 110. The NYCHRL is to be construed broadly in favor of discrimination plaintiffs, where even a "single comment may be actionable in the proper context." Id. at 113. Relevant factors include the identity of the speaker, the content of the remarks, and the context of the remarks. Beachum v. AWISCO N.Y., 785 F. Supp. 2d 84, 96 (S.D.N.Y. 2011).

The NYSHRL makes it unlawful "[f]or an employer . . . because of an individual's . . . gender identity . . . [or] sex . . . to discriminate against such individual . . . in terms, conditions, or privileges of employment." N.Y. Exec. Law § 296(1)(a). Following the 2019 amendment, the standard for gender discrimination under the NYSHRL no longer requires that the conduct be "severe or pervasive" to be actionable. Mitura v. Finco Servs., Inc., 712 F. Supp. 3d 442, 452 n.4 (S.D.N.Y. 2024). Instead, plaintiffs must plead sufficient facts showing that they were subjected to "inferior terms, conditions or privileges of employment because of [their] membership in one or more of [the] protected

categories." <u>Delo v. Paul Taylor Dance Found., Inc.</u>, 685 F. Supp. 3d 173, 182 (S.D.N.Y. 2023) (citing N.Y. Exec. L. § 296(1)(h)).

Courts in this District have interpreted the 2019 amendments to NYSHRL as bringing the standard for gender discrimination claims under NYSHRL closer to the standard under the NYCHRL. <u>See</u> <u>Moore v. Hadestown Broadway LLC</u> 722 F. Supp. 3d 229, 245 (S.D.N.Y. 2024). Because "the NYSHRL represents a floor below which the City's Human Rights law cannot fall," claims that are sufficient under the NYSHRL necessarily survive under the NYCHRL. <u>Shi-Hsin Chang v. Phoenix Satellite Television (U.S.), Inc.</u>, No. 14-cv-2686, 2014 WL 5017838, at *8 (S.D.N.Y. Sept. 22, 2014).

**B.**

Based on the record, Magistrate Judge Netburn correctly concluded that the two remarks allegedly made by Molosky's supervisors were sufficient to show discriminatory treatment and gender animus. <u>See</u> R&R 24–25.

Verbal comments may constitute evidence of discriminatory motivation if there is a nexus between the comments and the alleged discriminatory treatment. <u>See</u> <u>Tullo v. City of Mount Vernon</u>, 237 F. Supp. 2d 493, 501–02 (S.D.N.Y. 2002) (collecting cases). Courts have recognized that comments reflecting traditional gender stereotypes may constitute evidence of gender discrimination, particularly where the comments suggest that women should conform to gendered expectations about their behavior or roles in the workplace. <u>See</u> <u>Miller v. Levi & Korsinsky, LLP</u>, 695 F. Supp. 3d 397, 412

5

(S.D.N.Y. 2023) (holding that comments doubting an employee's ability to work from home because she was a woman and a wife supported an inference of discrimination); Johnson v. J. Walter Thompson U.S.A., LLC, 224 F. Supp. 3d 296, 310–11 (S.D.N.Y. 2016) (concluding that calling a female employee "bossy" could reflect a discriminatory double standard); Diaz-Roa v. Hermes L., P.C., 757 F. Supp. 3d 498, 556 (S.D.N.Y 2024) (concluding that a supervisor's remark that a female employee should use her appearance in performing her job supported an inference that she was subjected to inferior working conditions because of her gender).

In this case, as Magistrate Judge Netburn correctly concluded, Molosky's supervisors' alleged instruction that she should "lean back" rather than pursue promotions plausibly reflects a stereotype that women should occupy lower or less assertive roles in the workplace. See R&R 24. Similarly, the alleged direction that Molosky should pursue design-centered positions rather than leadership roles plausibly reflects a stereotypical assumption that women should take less authoritative or more traditionally feminine roles. See id. These comments also bear directly on the alleged discriminatory treatment—namely, passing Molosky over for promotional opportunities and leadership roles.

The context in which the two alleged remarks were made also supports an inference of a gender-based animus and discriminatory treatment. Courts have considered the identity of the speakers when drawing inferences of discriminatory intent and the effects of certain comments at the pleading

6

stage. See Beachum, 785 F. Supp. 2d at 96; LaSalle v. City of New York, No. 13-cv-5109, 2015 WL 1442376, at *6 (S.D.N.Y. Mar. 30, 2015) (derogatory remarks made by the plaintiff's direct supervisor were sufficient to show gender-based discrimination); Pagan v. Morrisania Neighborhood Family Health Center, 12-cv-9047, 2014 WL 464787, at *5 (S.D.N.Y. Jan. 22, 2014) (same).

In this case, Molosky alleges that the comments underlying her NYCHRL and NYSHRL claims were made by two male supervisors—namely a director and a manager—in a team where she was the only female employee. See FAC ¶¶ 55, 64, 66, 70, 76, 83, 90. Both the content of the remarks and the context where these remarks were made plausibly support, at least in part, gender-based assumptions regarding Molosky's proper role and her level of ambition in a male-dominated workplace. Accordingly, the statements allegedly made by Molosky's supervisors may constitute evidence of gender discrimination that could be actionable under NYSHRL and NYCHRL.

Whether discovery will bear out the allegations that these comments reflected the defendants' desire to deny Molosky opportunities for promotion and job growth for discriminatory reasons remains to be seen. But allowing these sufficiently pleaded allegations to proceed to discovery is the most faithful approach to the "broad and remedial" purposes of the NYSHRL and NYCHRL. See Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 31 (App. Div. 2009). Accordingly, the two remarks in the FAC plausibly show that Molosky was treated less well than other employees and that she was subjected to inferior terms, conditions, or privileges of employment because of her gender.

The defendants' partial objection to Magistrate Judge Netburn's April 23, 2026 Report and Recommendation is therefore **overruled**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed specifically, those arguments are either moot or without merit.

For the foregoing reasons, Molosky's Title VII claims, Molosky's state- and city-law claims for hostile work environment, retaliation, and Molosky's claims under New York Equal Pay Laws, N.Y. Lab. Law § 194 are **dismissed with prejudice**.

The defendants' objections to the portion of Magistrate Judge Netburn's Report and Recommendation recommending that Molosky's gender-discrimination claims under the NYSHRL and the NYCHRL proceed are **overruled**.

SO ORDERED.

Dated:     New York, New York
           June 17, 2026

_____
         John G. Koeltl
   **United States District Judge**

8